UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| | | |
|---|---|---|
| SAMUEL L. GIDDENS | ] | |
|     Petitioner, | ] | |
| | ] | |
| v. | ] | No. 3:11-0005 |
| | ] | Judge Trauger |
| DWIGHT BARBEE | ] | |
|     Respondent. | ] | |


**M E M O R A N D U M**

The petitioner, proceeding *pro se*, is an inmate at the Charles Bass Correctional Complex in Nashville, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Dwight Barbee, Warden of the facility, seeking a writ of habeas corpus.

**I. BACKGROUND**

On January 29, 2004, a jury in Davidson County found the petitioner guilty of reckless homicide, attempted especially aggravated robbery and aggravated burglary. Docket Entry No.26-1 at pg.41. For these crimes, he received an effective sentence of fourteen (14) years in prison. *Id.* at pgs.46-54.

On direct appeal, the Tennessee Court of Criminal Appeals affirmed the convictions and sentences. Docket Entry No.26-9. The Tennessee Supreme Court later denied petitioner's application for further review. Docket Entry No.26-11.

1

In June, 2007, the petitioner filed a *pro se* petition for state post-conviction relief. Docket Entry No.27-1 at pgs.31-42. Counsel was appointed to represent the petitioner and an amended post-conviction petition was filed on his behalf. Following an evidentiary hearing, the trial court denied the petition. *Id*. at pgs.73-85.

On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No.27-5. The Tennessee Supreme Court once again rejected the petitioner's application for additional review. Docket Entry No.27-7.

## II. PROCEDURAL HISTORY

On January 3, 2011, the petitioner filed the instant petition (Docket Entry No.1) for writ of habeas corpus. The petition contains four claims for relief. These claims include :

- (1) the constructive amendment of counts 3 and 4 of the indictment resulted in an impermissible variance that deprived the petitioner of adequate notice to defend against the lesser included charge of especially aggravated robbery;

- (2) count 4 of the indictment did not give the petitioner sufficient notice of the charge against him;

- (3) a violation of the Confrontation Clause arose when a witness (Detective Joe Williams) was allowed to testify about statements made by petitioner's co-defendant; and

- (4) the petitioner was placed in double jeopardy when the trial judge allowed

> both counts 6 and 8 of the indictment to
> go to the jury.

Docket Entry No.1 at pgs.6-11.

A preliminary examination of the petition was conducted at which time it was determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No.10) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - § 2254 Cases.

Presently pending before the Court is the respondent's Answer (Docket Entry No.25), to which the petitioner has filed a motion (Docket Entry No.29) in opposition. Upon consideration of the Answer, petitioner's motion in opposition and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States of America, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

### III. PROCEDURALLY DEFAULTED CLAIM

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. 28 U.S.C. § 2254(b)(1)(A); Hamm v. Saffle, 300 F.3d 1213,1216 (6th Cir.2002). While exhaustion is not a jurisdictional requirement, it

is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. Granberry v. Greer, 481 U.S. 129 (1987). Thus, as a condition precedent to seeking federal habeas corpus relief, each of the petitioner's claims must have been fairly presented to the state courts. Rhines v. Weber, 544 U.S. 269,274 (2005). Once his federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider them. O'Sullivan v. Boerckel, 526 U.S. 838,842 (1999); Clinkscale v. Carter, 375 F.3d 430,437-38 (6th Cir.2004).[1]

At trial, the lead detective, Joe Williams, testified "Then I had a witness come out and give me a statement, detailed everything that happened in that house. And it was kind of - - - it was kind of - - - kind of weird, because I was wondering if she was in the house when it happened. She goes, no, this is what I was told." Docket Entry No.26-2 at pg.132.

The detective learned that the female witness he had interviewed was relaying information given to her by the petitioner's co-defendant, John Brewer, who did not testify at the

---

[1] In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

4

trial. Petitioner's third claim is that, by allowing Detective Williams to repeat hearsay from the co-defendant, the petitioner had been denied his right to confront this individual.

The petitioner made no contemporaneous objection to the admission of Detective Williams' testimony. For that reason, a panel of the Tennessee Court of Criminal Appeals concluded that the petitioner had waived this claim. Docket Entry No.26-9 at pg.15.

To properly exhaust state court remedies, claims must be fairly presented to every level of the state court system for consideration. Doctor v. Walters, 96 F.3d 675, 678 (3rd Cir. 1996). In the case of the petitioner's confrontation claim, its waiver prevented the state courts from addressing the claim on its merits. Thus, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to this claim. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

The exhaustion of a claim via procedural default does not, however, automatically entitle a habeas petitioner to federal review of that claim. To prevent a habeas petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of a

federal constitutional issue forfeits the right to federal review of that issue, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violation. Gray v. Netherland, 518 U.S. 152,162 (1996). The petitioner's failure to comply with the state's contemporaneous objection requirement constitutes an adequate and independent state ground which prevents federal review of that claim, absent cause and prejudice. Wainwright v. Sykes, 433 U.S. 72,86-87 (1977).

A habeas petitioner can not rely on conclusory assertions of cause and prejudice to overcome the adverse effects of a procedural default. Rather, he must present affirmative evidence or argument as to the precise cause and prejudice produced. Lundgren v. Mitchell, 440 F.3d 754,764 (6th Cir.2006). To demonstrate cause, the petitioner must show that an objective factor external to the defense interfered with his ability to comply with the state procedural rule. Murray v. Carrier, 477 U.S. 478,488 (1986). To establish prejudice, there must be a showing that the trial was infected with constitutional error. United States v. Frady, 456 U.S. 152,170-72 (1982).

In his motion opposing the Answer, the petitioner asserts that the cause for waiver of his confrontation claim is attributable to the ineffectiveness of counsel. Docket Entry No.29 at pg.3. Attorney error can constitute cause for a procedural default. Coleman v. Thompson, 111 S.Ct. 2546,2567 (1991). However, before

6

counsel's deficient representation can qualify as cause for a particular procedural default, the alleged error must rise to the level of an independent constitutional violation. Edwards v. Carpenter, 529 U.S. 446,451-52 (2000). The petitioner has not alleged ineffective assistance in his habeas corpus petition arising from counsel's failure to object to detective Williams' testimony. Therefore, he has shown no cause sufficient to excuse the waiver of his confrontation claim. In any event, there has been no suggestion of prejudice as required. Consequently, the procedural default of petitioner's third claim in unexcused and will not support an award of habeas corpus relief.

## IV. FULLY EXHAUSTED CLAIMS

The petitioner's remaining claims, i.e., an impermissible variance in the indictment (Claim Nos.1 and 2) and his alleged exposure to double jeopardy (Claim No.4), were fully litigated in the state courts on direct appeal and were found to be lacking in merit. Docket Entry No.26-7.

When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999). In order for a state adjudication to run "contrary to" clearly established federal law, the state court must

arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 120 S.Ct. 1495,1523 (2000). In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. *Id* at 120 S.Ct. 1511.

The petitioner's first and second claims are essentially the same. Counts three and four of the indictment charged the petitioner with especially aggravated robbery. Docket Entry No.26-1 at pgs.8-9. At the close of the prosecution's case, the court granted an acquittal as to these charged offenses. *Id.* at pg.38; Docket Entry No.26-3 at pgs.80-83. However, the court allowed these counts of the indictment to survive so that the jury could consider the lesser included offenses arising from them. The petitioner asserts that these counts of the indictment should have been dismissed altogether. He claims that the court constructively amended the indictment in such a way as to create an impermissible variance that deprived the petitioner of adequate notice of the

charges against him.

It is a rule in the federal courts that a lesser included offense instruction should be given if the evidence would permit a jury rationally to find a defendant guilty of the lesser included offense and acquit him of the greater offense. Hopper v. Evans, 456 U.S. 605,611-12 (1982). In this instance, the trial judge granted the motion to acquit as to the greater offense but allowed counts three and four to proceed to the jury because the evidence supported the possibility of a guilty verdict as to a lesser included offense. The trial judge did not offend the petitioner's constitutional rights in this regard. The petitioner had sufficient notice, when charged with the greater offense, that he might also have to defend against a lesser included offense. Seymour v. Walker, 224 F.3d 542,558 (6th Cir.2000); *see also* Rule 31(c), Fed.R.Crim.P. Therefore, the finding of the state courts that these claims were meritless does not run contrary to federal law.

Finally, the petitioner claims that the actions of the trial judge exposed him to double jeopardy (Claim No.4). More specifically, the petitioner claims that he should not have been charged with both the attempted especially aggravated robbery of Kelvin Johnson (count six of the indictment) and the aggravated burglary of Kelvin Johnson's residence (count eight of the indictment). Docket Entry No.26-1 at pgs.11-13.

The Fifth Amendment to the Constitution provides that no

person shall "be subject for the same offense to be twice put in jeopardy of life or limb". The charging of a defendant with separate counts for different statutory criminal offenses, however, does not implicate double jeopardy concerns. United States v. Pope, 561 F.2d 663,669 (6th Cir.1977).

In Tennessee, attempted especially aggravated robbery and aggravated burglary are not the same offenses for purposes of a double jeopardy analysis. Each offense requires proof of an element that the other does not. To prove especially aggravated robbery, the prosecution needs to show that the victim suffered a serious bodily injury during a robbery that was accomplished by the use of a deadly weapon. Tenn. Code Ann. § 39-13-401,-403. Aggravated burglary requires proof that the defendant entered a residence without the consent of the owner with the intent to commit a felony, theft or assault. Tenn. Code Ann. § 39-14-402,-403. Consequently, the petitioner was not exposed to double jeopardy when these counts of the indictment were presented to the jury. In any event, this issue became moot when the jury was unable to reach a verdict as to count six of the indictment and a mistrial was declared as to that charge. Docket Entry No.26-1 at pg.41.[2]

The petitioner has offered no clear and convincing evidence to rebut the presumption of correctness that must be accorded the

---

[2] The record gives no indication that the petitioner was ever retried on this charge.

factual findings made by the state courts. 28 U.S.C. § 2254(e)(1). Nor has the petitioner demonstrated in what way the legal analysis of the state courts runs contrary to federal law. Accordingly, the petitioner has failed to set forth a claim worthy of habeas corpus relief. In the absence of an actionable claim, the instant petition for writ of habeas corpus has no merit.

    An appropriate order will be entered.

                                                        _____
                                                        Aleta A. Trauger
                                                        United States District Judge