UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SAMUEL L. GIDDENS          ]
    Petitioner,          ]
                           ]
v.                         ]     No. 3:11-0005
                           ]     Judge Trauger
DWIGHT BARBEE              ]
    Respondent.          ]

O R D E R

On April 29, 2011, an order (Docket Entry No.31) was entered dismissing the instant *pro se* prisoner habeas corpus action. At that time, the Court determined that a certificate of appealability should not issue because the petitioner had been unable to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has since vacated the Court's judgment as to the petitioner's first, second and fourth claims and remanded the case for an individual analysis of whether any of the remanded claims qualify for a certificate of appealability. Docket Entry No.44.

The petitioner's first and second claims are essentially the same, i.e., that an impermissible amendment of the indictment deprived the petitioner of adequate notice of the charges against him. The petitioner's fourth claim is that the trial judge exposed

him to double jeopardy.

Two counts of the indictment charged the petitioner with especially aggravated robbery. Docket Entry No.26-1 at pgs.8-9. When the trial judge granted an acquittal as to these counts, he allowed them to survive so that the jury could consider the lesser included offenses arising from them. Petitioner's first and second claims assert that the trial judge constructively amended the indictment in such a way so as to create a variance that deprived him of adequate notice of the charges against him.

The jury found the petitioner guilty of the lesser included offense of attempted especially aggravated robbery. When charged with the greater offense of especially aggravated robbery, the petitioner had sufficient notice that he could be found guilty of the lesser included offense. Reasonable jurists, therefore, would not find it debatable that the state courts did not offend federal law when they found no merit in these claims. Accordingly, petitioner's first and second claims are once again DISMISSED.

When a district court has rejected constitutional claims on the merits, a certificate of appealability will issue only if the petitioner can show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Slack v. McDaniel, 529 U.S. 473,484 (2000). With respect to the petitioner's first and second claims, that is not the case. Consequently, a certificate of appealability shall not issue as to those claims.

The petitioner's fourth claim asserts that he was exposed to double jeopardy when he was charged with both attempted especially aggravated robbery and aggravated burglary. In Tennessee, each offense requires proof of an element that the other does not. As a consequence, double jeopardy was not implicated when the petitioner was charged with both crimes. Thus, this claim has no merit and is once again DISMISSED.

Reasonable jurists would not find this result debatable or wrong. Therefore, a certificate of appealability will not issue as to the petitioner's fourth claim.

The Clerk shall forward a copy of this order to the Sixth Circuit Court of Appeals.

It is so ORDERED.

_____
Aleta A. Trauger
United States District Judge